IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-184-BO

| | |
|---|---|
| BOBBI CRAFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 21 & 23]. A hearing on this matter was held in Edenton, North Carolina on May 31, 2013. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Administrative Law Judge is REVERSED.

## BACKGROUND

Plaintiff protectively filed for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act on August 12, 2009. An administrative hearing before and an Administrative Law Judge (ALJ) was held on August 30, 2010. In a September 20, 2010 decision, ALJ Michelle Cavardi found that the plaintiff was disabled during the period from December 3, 2007 through December 14, 2009, but had experienced medical improvement and was not disabled as of December 15, 2009. The plaintiff sought review of the ALJ's decision by the Appeals Council, but that request was denied making the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

1

## MEDICAL HISTORY

The plaintiff was 43 years-old when she allegedly became disabled on December 3, 2007. She was disabled due to colon cancer and possible neuropathy. Plaintiff was first hospitalized on December 4, 2007 with complaints of chest pain and weakness. At that time, she was diagnosed with colon cancer and anemia. Subsequently, the plaintiff underwent surgery and chemotherapy. The plaintiff did well on chemotherapy, but began to report numbness and pain in her hands and feet. [Tr. 383, 422, 432, 443]. As of June, 2009, the plaintiff's cancer appeared to be in remission. However, on August 24, 2009, Dr. Burke reported that plaintiff had "problems working for long periods of time primarily due to the neuropathy." [Tr. 578]. On December 14, 2009, Dr. Burke reported that there had been no significant change in the plaintiff's condition and that her pain was controlled by medication. [Tr. 562-63]. At that time, the plaintiff was instructed to continue her pain medication and return for a follow-up appointment in three to six months.

On September 9, 2010, Dr. Burke saw the plaintiff again and reported that she had "severe peripheral neuropathy" that was "extremely painful" for her. [Tr. 658]. The pain severely limited the plaintiff and a great deal of stress was attendant with the plaintiff's attempts to attend work on a daily basis. [Tr. 658-59]. Dr. Burke further opined, "I do not believe she has been capable of working in any capacity on an 8 hour day, 5 day per week basis since December 2007 due to the effects of her cancer, the treatment of it, and the subsequent neuropathy." [Tr. 659].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g);

2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ engaged in the five-step evaluation process and found the plaintiff disabled, but only for a closed period. The ALJ erred by finding that the plaintiff had undergone

3

medical improvement such that she was no longer disabled on December 15, 2009. Pursuant to 42 U.S.C. § 423(f) a plaintiff may be found no longer disabled if the substantial evidence demonstrates that there has been medical improvement in the claimant's condition related to her ability to work. Specifically, medical improvement is defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled. . ." 20 C.F.R. § 404.1594(b)(1). Such a finding must be based on changes in the symptoms, signs and/or laboratory findings associated with the impairments." *Id.* The Commissioner bears the burden of establishing medical improvement. *See Lively v. Bowen*, 858 F.2d 177, 181 n.2 (4th Cir. 1988).

Here, the ALJ's decision was based purely on the remission of the plaintiff's cancer. The high risk of recurrence was not accounted for, nor were the ongoing and severe effects of the plaintiff's neuropathy. Her treating physician, Dr. Burke, clearly stated that the plaintiff's condition was ongoing and severe and that she was unable to work. Moreover, there were absolutely no laboratory findings or improvements in other symptoms to support a finding that the plaintiff's condition had changed. As such, the ALJ's decision regarding the plaintiff's medical improvement was not supported by substantial evidence. Therefore, the Court finds that it is proper to reverse the ALJ's decision and remand this matter for an award of benefits.

4

Case 4:12-cv-00184-BO   Document 27   Filed 08/30/13   Page 4 of 5

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits.

SO ORDERED.

This 29 day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE